UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHAD A. COLLINS ] | |
|     Plaintiff, ] | |
| ] | |
| v. ] | No. 3:04-0897 |
| ] | Judge Campbell/Brown |
| CORPORAL NIXON, ET AL. ] | |
|     Defendants. ] | |

To: Honorable Todd Campbell, District Judge

# REPORT AND RECOMMENDATION

On February 28, 2005, the Court entered an order (Docket Entry No. 29) referring this action to the Magistrate Judge "for entry of a scheduling order, including a target trial date, and for decision on all pretrial motions and reports and recommendations on any further dispositive motions."

Presently pending before the Court are defendants' Motion for Summary Judgment (Docket Entry No. 36), plaintiff's Objections to the Motion for Summary Judgment (Docket Entry No. 43) and defendants' Reply to plaintiff's Objections (Docket Entry No. 46).

The undersigned has reviewed these pleadings and the record in this case and finds that the defendants' Motion for Summary Judgment has some degree of merit. Accordingly, for the reasons stated below, the Magistrate Judge respectfully recommends that the Motion for Summary Judgment be GRANTED in part and DENIED in part.

1

## I. The Parties

The plaintiff, proceeding *pro se*, is an inmate at the Northwest Correctional Complex in Tiptonville, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against six members of the staff at the Riverbend Maximum Security Institution in Nashville. The defendants include Corporal Nixon, a Transportation Officer; Captain Earl Frierson, a Shift Supervisor; Correction Officers Mark Haywood, Michael Salsbury and Cassie Thomas; and Sergeant Victoria Cecil, an Internal Affairs Officer.[1]

## II. Background

On February 23, 2004, the plaintiff was transferred to Riverbend so that he could attend a hearing in Federal Court the following day.[2] As he awaited transport to the courthouse, Officer Haywood ordered the plaintiff to change from his white overalls that identified him as a prisoner in protective custody to a regular blue prison uniform. After changing, the plaintiff was moved from his intake cell to a contact visitation room that was already occupied by Garrett Sons and Travis Giles, two Northwest inmates whom had arrived at Riverbend with the plaintiff. Docket Entry No. 28 at pg. 2.

Shortly after being moved to the contact visitation room, a fight broke out between the plaintiff and Sons. Officer Thomas saw each combatant holding a chair over his head and then witnessed the plaintiff throwing the chair and hitting Sons with it. Docket Entry No. 44 at pg. 3.

---

[1] It appears that Corporal Nixon has not yet been served with process. The remaining defendants, however, have been served and are properly before the Court. *See* Docket Entry No. 11.

[2] The hearing was scheduled in the case of <u>Collins v. Kilpatrick</u>, Civil Action No. 1:00-0129 (M.D. Tenn.)(Trauger, J., presiding).

The inmates were separated with Sons and Giles being moved to another area. Each combatant suffered minor injuries.

The plaintiff asserts two claims arising from these events. First, he alleges that, as a prisoner in protective custody, the defendants were deliberately indifferent to his risk of injury when he was placed in the contact visitation room with other prisoners (Eighth Amendment claim). The plaintiff also alleges that the defendants placed him in a dangerous situation as a form of retaliation for his law related activities (First Amendment claim).[3]

### III. Standard of Review

Rule 56(c), Federal Rules of Civil Procedure, provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." In order to prevail on a motion for summary judgment, the moving party must demonstrate that no genuine issue of material fact exists and that judgment as a matter of law should be granted in the moving party's favor. Smith v. Hudson, 600 F.3d 60, 63 (6th Cir. 1979).

In considering a motion for summary judgment, the Court must view all facts and inferences to be drawn therefrom in the light most favorable to the non-moving party. SEC v. Blavin, 760 F.2d 706 (6th Cir. 1985). The non-moving party, however, may not merely rest on conclusory allegations contained in the complaint, but must respond with affirmative evidence supporting its claims and establishing the existence of a genuine issue of material fact. Celotex

---

[3] In his complaint, the plaintiff asserted a due process claim arising from a subsequent disciplinary conviction. This claim, however, was dismissed in an earlier order (Docket Entry No. 29).

Corporation v. Catrett, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

Not every factual dispute between the parties will prevent summary judgment. The disputed facts must be material. They must be facts which, under the substantive law governing the issue, might affect the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). The dispute must also be genuine. The facts must be such that if they were proven at trial, a reasonable jury could return a verdict for the non-moving party. Id., at 477 U.S. 248. The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 288-289, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968).

## IV. Discussion of the Issues

In order to establish a claim for § 1983 relief, the plaintiff is required to plead and prove that a person or persons, while acting under color of state law, deprived him of some right or privilege secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981).

**A.) Eighth Amendment Claim - Deliberate Indifference**

The plaintiff alleges that the defendants placed him in the contact visitation room with Sons and Giles knowing that, as a protective custody inmate, there was a reasonable probability that he would be attacked by one or both of these men. Prisoners have a right grounded in the Eighth Amendment to be free from the assaultive behavior of fellow inmates. Ingraham v. Wright, 430 U.S. 651, 97 S.Ct. 1401, 1413, 51 L.Ed.2d 711 (1987); *see also* Stewart v. Love,

4

696 F.2d 43, 44 (6th Cir. 1982). Thus, a constitutional violation has occurred when prison officials act with deliberate indifference to an inmate's risk of injury. Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 1984, 128 L.Ed.2d 811 (1994). By definition, inmates classified for protective custody have an increased need for vigilance on the part of the prison staff. For that reason, the regulations of the Tennessee Department of Correction require prison staff to segregate protective custody inmates from the general prison population. TDOC Regulation #506.14(IV)(D)(Attachment to Docket Entry No. 26).

In this case, the plaintiff alleges that the defendants were aware of his status as a protective custody inmate. To substantiate this claim, he has provided a copy of a TOMIS statement confirming his classification for the date of the assault. Attachment to Docket Entry No. 48. The defendants, on the other hand, claim that they were unaware of plaintiff's status as a protective custody inmate. They aver that the intake officers (Mark Haywood and Michael Salsbury) responsible for the plaintiff checked all appropriate paperwork and found that the plaintiff was listed as close custody rather than protective custody. Docket Entry No. 44.

There appears, therefore, to be a genuine issue of material fact regarding plaintiff's security classification on the date of the assault and whether the defendants were aware of the correct classification. If the defendants were aware of plaintiff's true security classification but nevertheless acted contrary to TDOC regulations, this would further bring into question whether the plaintiff was placed in a room with Sons and Giles as a result of mere negligence or deliberate indifference. Having determined that there are genuine issues of material fact with respect to plaintiff's Eighth Amendment claim, summary judgment of this claim would not be appropriate.

**B.) First Amendment Claim - Retaliation**

The plaintiff's second claim is that he was moved into a potentially dangerous situation in retaliation for his law related activities. Any act taken in retaliation for the exercise of a constitutionally protected right is actionable under § 1983, even if the act, when taken for a different reason, would have been proper. Vaughn v. Trotter, 516 F.Supp. 886, 894 (M.D. Tenn. 1980). The First Amendment guarantees an inmate a right of access to the courts. Bounds v. Smith, 430 U.S. 817, 97 S.Ct. 1491, 1495, 52 L.Ed.2d 72 (1977). Therefore, any conduct intended to harass a prisoner in retaliation for his law related activities is actionable under § 1983. Cale v. Johnson, 861 F.2d 943, 950 (6th Cir. 1988).

According to the plaintiff, he was placed in a cell with members of the general prison population even though the intake officers were made aware of his protective custody status, Docket Entry No. 44 at pg. 1, and only after these officers were told that he was in the process of suing guards at another prison. Docket Entry No. 28 at pg. 2. The defendants deny both allegations. Docket Entry No. 38 at pg. 3. At the very least, the defendants' state of mind prior to the assault is at issue. Summary judgment is usually inappropriate when the moving parties' state of mind is in issue. Wakefield v. Northern Telecom, Inc., 813 F.2d 535, 540 (2nd Cir. 1987). There is nothing in the record to suggest that a trier of fact should not be allowed to consider the defendants' state of mind prior to the assault. Therefore, summary judgment for the defendants on plaintiff's First Amendment claim would not be appropriate. Saucier v. Katz, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001).

**C.) The Individual Defendants**

Even though the plaintiff's First and Eighth Amendment claims should survive summary

judgment, summary judgment should be granted as to some of the individual defendants. In order to state a claim against an individual defendant, the plaintiff must allege and be prepared to prove that the defendant participated, either directly or indirectly, in the wrongful act. *See* <u>Dunn v. Tennessee</u>, 697 F.2d 121, 128 (6th Cir. 1982), <u>cert</u>. <u>denied</u>, 460 U.S. 1086, 103 S.Ct. 1778, 76 L.Ed.2d 349 (1983).

According to the complaint and its attachments, Mark Haywood and Michael Salsbury were the intake officers who moved the plaintiff to the contact visitation room where he was involved in an altercation with Sons. Captain Earl Frierson was a Shift Supervisor who was allegedly responsible for the actions of his subordinates, Haywood and Salsbury. Cassie Thomas is the officer that witnessed and put a stop to the altercation between the plaintiff and Sons while Sergeant Victoria Cecil is the Internal Affairs Officer who investigated the incident.

From his description of the events leading to the altercation and the role of each defendant, it is clear that the plaintiff has alleged viable First and Eighth Amendment claims against Officers Haywood and Salsbury. They were the intake officers that made the decision to move the plaintiff from the holding cell where he was segregated to the contact visitation room. However, the plaintiff has offered no factual allegations suggesting that Frierson, Thomas or Cecil had any part, either directly or indirectly, in the decision to move the plaintiff. Therefore, summary judgment should be granted as to all claims against these defendants.

As noted in Footnote No. 1 above, Corporal Nixon has not yet been served with process and is not presently before the Court. If service of process has not been made upon a defendant within 120 days after the filing of the complaint, the Court may, upon its own initiative after notice to the plaintiff, dismiss the action without prejudice as to that defendant. Rule 4(m), Fed.

R. Civ. P. It has been more than 120 days since the complaint initiating this action was filed. The plaintiff did receive notice that Corporal Nixon would not be a party to the lawsuit unless he could provide additional information needed to facilitate the service of process. Docket Entry No. 11. The plaintiff failed to provide this information. Therefore, all claims against Corporal Nixon should be dismissed without prejudice. In any event, the plaintiff has offered no factual allegations that would suggest that this defendant, as a Transportation Officer, had any involvement in the decision to move the plaintiff from his holding cell to the contact visitation room. Consequently, even if Corporal Nixon had been properly served, dismissal of the claims against him probably would have been appropriate.

## R E C O M M E N D A T I O N

For the reasons discussed above, the undersigned respectfully RECOMMENDS that the defendants' Motion for Summary Judgment be GRANTED in part and DENIED in part. Summary Judgment should be denied as to the First and Eighth Amendment claims against Officers Haywood and Salsbury. Summary Judgment, however, should be granted as to all claims against Captain Frierson, Sergeant Cecil and Officer Thomas. In addition, all claims against Corporal Nixon should be dismissed without prejudice for failure to effectuate timely service of process.

Any objections to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this notice and must state with particularity the specific portions of the Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District

Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).

                Respectfully submitted,

                /s/ Joe B. Brown
                Joe B. Brown
                United States Magistrate Judge